In re Jason MAXWELL, Debtor.

John BOYAJIAN, Trustee, Plaintiff,

v.

KINGSTOWN FURNITURE COMPANY and Thorp Credit, Inc. of Rhode Island, Defendants.

Bankruptcy No. 8000681.
Adv. No. 810214.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 13, 1982.

Alden C. Harrington, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

Larry Dub, Pearlman & Vogel, Providence, R.I., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue before the Court is whether the Defendants, Kingstown Furniture Company and Thorp Credit, Inc. of Rhode Island, are "creditors" under the Federal Truth in Lending Act, 15 U.S.C.A. § 1602(f) and Regulation Z, 12 C.F.R. § 226.2(s) (1981), and therefore subject to the Act's disclosure requirements.

On November 1, 1979 Jason Maxwell and Kingstown Furniture Co., Inc. entered into a retail installment agreement in connection with the purchase of certain furniture, and this contract was immediately assigned by Kingstown Furniture to Thorp Credit. On September 11, 1980, Maxwell filed a Chapter 13 petition and listed Kingstown Furniture and Thorp as creditors. The Trustee brings this action to recover statutory damages, alleging that the defendants violated the Federal Truth in Lending Act[1] in the following respects:

(1) Thorp Credit Union was not properly identified as a creditor to the installment agreement.

(2) The Defendants failed to disclose a finance charge.

(3) The Defendants failed to disclose the date on which the finance charge began to accrue and the date of the transaction in question.

(4) The Defendants failed to disclose a repayment schedule.

(5) The Defendants failed to disclose that a security interest was taken in connection with the transaction.

The Defendants move to dismiss, contending that as to the instant transaction they are not "creditors" as defined by the Act, and therefore are not subject to the Act's disclosure requirements.

While it is not specifically labeled as such, the Defendants' motion appears to be, and will be treated as one filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (which is applicable here pursuant to Bankruptcy Rule 712(b)). Accordingly, the Motion to Dismiss should be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). Further, all material allegations of the complaint are taken as admitted, and the complaint should be construed liberally in favor of the Plaintiff. *Jenkins v. McKeithen, Governor of Louisiana,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969), reh'g denied 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

It is important to note at the outset that the Defendants are required to comply with the provisions of Regulation Z, as well as the Truth in Lending Act, if: (1) the Defendants are creditors and (2) consumer credit was extended in the instant transaction.[2] The Defendants do not dispute, at least for the purpose of this Motion to Dismiss, that consumer credit was extended. Therefore this decision concerns only the question whether the Defendants are creditors.

Section 1602(f) of the Federal Truth in Lending Act defines creditors as those who "regularly extend, or arrange for the extension of, credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required . . . ."[3]

---

1. 15 U.S.C.A. § 1601 *et seq.*

2. 12 C.F.R. § 226.8 (1981) provides:
   (a) *General rule.* Any creditor when extending credit other than open end credit shall, in accordance with § 226.6 and to the extent applicable, make the disclosures required by this section with respect to any transaction consummated on or after July 1, 1969.

3. Regulation Z, 12 C.F.R. § 226.2(s) (1981) closely follows the statutory definition and provides that:
   "Creditor" means a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, which is payable by agreement in more than four installments, or for which the payment of a finance charge is

Defendants contend that they are not creditors because the installment contract in question is payable in less than four installments. Implicit in this argument is the contention that the term "regularly" should be disregarded, and that even as to those who *regularly* extend credit, § 1602(f) should be applied to specific transactions, on a case-by-case basis. The Defendants' interpretation of the statutory definition of the term "creditor" conflicts with the purpose and plain language of the Truth In Lending Act, as well as that expressed in Regulation Z, and is rejected. In defining "creditor" so broadly, Congress intended to require *all* professional lenders and merchants who *regularly* extend consumer credit to comply with the Act's disclosure provisions, *whenever* they extend consumer credit. *See Joseph v. Norman's Health Club, Inc.*, 532 F.2d 86, 90 (8th Cir. 1976).

The four-installment rule, in particular, is a legislative reaction to persistent creditor attempts to circumvent Truth in Lending requirements by obscuring the actual cost of credit within the price of the goods sold or funds borrowed. This was being accomplished by providing for payment of the "purchase price" in installments. The rule is intended as a prophylactic measure which imposes a disclosure requirement on *all* members of a defined class, in order to discourage evasion of said disclosure requirements by a substantial portion of that class. The rule should not be available as a device by which professional lenders may escape regulation. *See Mourning v. Family Publication Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

▋ It is undisputed that both Kingstown Furniture and Thorp Credit regularly extend or arrange for the extension of credit which is payable in more than four installments; therefore, they come within the Act's definition of "creditor," and are required to make appropriate disclosures whenever extending credit in consumer transactions.[4] Specifically, and in response to the four-installment issue, I hold that as to these Defendants the number of installments is irrelevant to the duty to disclose.[5] For these reasons, the Motion to Dismiss is denied.

It appears that the Defendants' argument is based on counsel's use of an out-of-date definition of "consumer credit." The 1974 definition of consumer credit, 12 C.F.R. § 226.2(k) read as follows:

> "Consumer credit" means credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household, or agricultural purposes and for which either a finance charge is or may be imposed or which pursuant to an agreement, is or may be payable in more than four installments.

> . . . .

> (jj) Unless the context indicates otherwise, "credit" shall be construed to mean "consumer credit," "loan" to mean "consumer loan," "transaction" to mean "consumer credit transaction," and "lease" to mean "consumer lease."

---

or may be required, whether in connection with loans, sales of property or services, or otherwise.

4.  Credit is defined in 15 U.S.C.A. § 1602(e) as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." This definition has been expanded by Regulation Z, 12 C.F.R. § 226.2(p), (q) and (jj) (1981) as follows:

    (p) "Consumer credit" means credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household, or agricultural purposes. "Consumer loan" is one type of "consumer credit."

    (q) "Credit" means the right granted by a creditor to a customer to defer payment of debt, incur debt and defer its payment, or purchase property or services and defer payment therefor.

5.  The Court is aware of an official but isolated interpretation holding that consumer credit transactions payable in less than four installments are not subject to the Act's disclosure requirements. *Board of Governors of Federal Reserve System Official Staff Interpretation*, FC 0074, 12 C.F.R. 667 (1981). That ruling is not persuasive (it contains no rationale), and I choose not to follow it. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

Defendants' counsel relies on this obsolete definition, arguing that:

> Regulation Z further defines consumer credit to mean, credit extended to [a] natural person and for which either a finance charge is or may be imposed, or which pursuant to an agreement is or may be payable in more than four (4) installments.

Defendants' Memorandum of Law, P. 3.

Mr. Dub ignores or overlooks the fact that in September 1975, the term "consumer credit" was redefined,[6] and current regulations make no reference to a four-installment requirement. It is the definition of "creditor," and not of "consumer credit," that refers to payments of more than four installments. Without the benefit of the law as he incorrectly states it, Mr. Dub's argument is substantially weaker, and he is cautioned to exercise more care in the future in providing the Court with statutory or regulatory authority.

The Motion to Dismiss is denied on an additional ground. 15 U.S.C.A. § 1602(f) defines "creditors" as those "who regularly extend ... credit ... for which the payment of a finance charge is or may be required...." Regulation Z, 12 C.F.R. § 226.2(s) (1981), uses similar language. The complaint specifically alleges that the transaction in question contains an undisclosed finance charge. Therefore, the Act's disclosure requirements apply, even if the Defendants' argument as to the four-installment rule were correct.

The reasons advanced in support of the motion are without merit—the Motion to Dismiss is denied.